# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Carmona,<br><br>　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>　　　　Respondents. | No. CV-17-02820-PHX-JJT (JFM)<br><br>**ORDER** |

　　　At issue is the Report and Recommendation ("R&R")(Doc. 18) submitted by United States Magistrate Judge James F. Metcalf, recommending that the Court dismiss the Petition (Doc. 1). Petitioner timely filed an Objection (Doc. 19), to which Respondents filed a Response (Doc. 20). The Court has considered all of the above.

　　　Judge Metcalf thoroughly analyzed the straightforward threshold issue of timeliness of filing the Petition argued by Respondents in their Response, and his R&R correctly concludes that the Petition must be dismissed as untimely. As Judge Metcalf accurately observed, Petitioner waived his right to appeal, and pursuant to Rule 32, Ariz. R. Crim. P., his conviction in the underlying state criminal matter became final for purposes of seeking post-conviction relief 90 days after he was sentenced and judgment was entered on December 11, 2013. Thus he had until March 11, 2014 to file a PCR petition. He did not so file any PCR petition. At that point, his time to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court began to run on March 12, 2014 and expired a year later on March 11, 2015. He did not submit his Petition in this Court until August 17,

2017—well over two years late. No tolling applies because Petitioner filed no petitions with any court within the prescribed time limitations so none were or would be valid and operate to toll time. Finally, the Court agrees with Judge Metcalf that Petitioner has shown no excuse or cause for his delay in filing which might trigger equitable tolling, and he does not argue actual innocence. As a result the Court must deny and dismiss as untimely the Petition.

In his Objections, Petitioner does not meet any of the points of Judge Metcalf's analysis regarding the operation of the deadlines imposed by AEDPA or by Arizona Rule of Criminal Procedure 32. Petitioner merely disagrees in conclusory fashion and attempts to move to the merits of his grounds. But the Court does not move to address the grounds until the procedural issues are met satisfactorily, which here does not occur.

IT IS ORDERED overruling the Objection (Doc. 19) and adopting the R&R (Doc. 18) in this matter.

IT IS FURTHER ORDERED denying and dismissing with prejudice Petitioner's Petition for Writ of Habeas Corpus (Doc. 1).

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed in forma pauperis on appeal be DENIED because the Court finds dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 20th day of December, 2018.

Honorable John J. Tuchi
United States District Judge